**SO ORDERED.**

**SIGNED June 27, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE

_____

```
             UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF LOUISIANA

IN RE:

ROBERT L. ADAMS                        CASE NO. 05-51183

     Debtor                            CHAPTER 13
```
-----------------------------------------------------------------
MEMORANDUM RULING
-----------------------------------------------------------------

Robert L. Adams ("Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code[1] on May 3, 2005. Keith A. Rodriguez ("Trustee") is the standing chapter 13 trustee.

Presently before the court is the Motion to Dismiss ("Motion") filed by the Trustee, claiming the Debtor is not eligible for relief under chapter 13. A hearing on the Motion was held on May 3, 2006. After receiving evidence, the matter was taken under advisement.

---

[1]Title 11, United States Code. References to sections of the Bankruptcy Code are shown as "section ___."

**JURISDICTION**

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

**LAW AND ANALYSIS**

The Motion is based upon the fact that the unsecured debt limit for chapter 13 eligibility has been exceeded. Section 109(e) provides in relevant part that:

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 . . . may be a debtor under chapter 13 of this title.

According to the Debtor's schedules, the Debtor has non-contingent, unliquidated unsecured debt totaling approximately $168,000. However, the proofs of claim filed in the case suggest that the Debtor's unsecured debt exceeds $1,486,000.

Two of the filed claims cause problems for the Debtor. The first is that of the IRS, to which the Debtor has objected. The

second is that of Kevin Candies. Mr Candies' claim is in the amount of $596,500, and contains the notation "contingent upon recovery of money from Matsushita."

The Debtor and Mr. Candies are very close friends and both testified regarding the nature of the claim. The Debtor has been involved for several years in a significant lawsuit against Matsushita Electric Corporation of America ("Matsushita"). Sometimes after the litigation commenced, and in order for the Debtor to concentrate his efforts on the lawsuit, Mr. Candies began to advance funds to the Debtor to assist him in paying his ongoing expenses. There was no separate documentation of the advances other than the cancelled checks. Both Mr. Candies and the Debtor testified that the advances were loans to be repaid solely out of the proceeds of the Matsushita law suit. Mr. Candies testified that he understood from the beginning that these loans would not be repaid in the event the lawsuit against Matsushita was unsuccessful.

The resolution of this issue requires the court to determine whether the Candies' claim is "noncontingent" within the meaning of section 109(e). The meaning of "noncontingent" must first be addressed. And, although Congress chose not to define the term in the Bankruptcy Code, the jurisprudence clearly has.

In the case of In re All Media Properties, Inc., 5 B.R. 126, 133 (Bkrtcy. S.D. Tex. 1980), aff'd, 646 F.2d 193 (5th Cir. 1981), one of the first cases to discuss the issue under the Bankruptcy Code, the court declared that a claim is contingent if:

> the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred.[2]

The liability of a guarantor is the classic and oft-cited example of a contingent debt. The "extrinsic event" which "triggers" the guarantor's liability on the debt is the failure of the principal obligor to satisfy the guaranteed debt. This "event" was certainly contemplated by the parties when the guaranty was obtained—in fact, this possibility was the *raison d'etre* for the guaranty being given in the first place.

Although the fact pattern differs somewhat from the traditional guarantor situation as expressed in All Media, the court finds that the debt owed to Mr. Candies is a contingent debt

---

[2]Although All Media Properties involved interpretation of "contingent" in the context of an involuntary petition filed pursuant to section 303(b)("claim . . . that is not contingent as to liability"), such definition has consistently been applied to cases arising under section 109(e). See, e.g., In re Mazzeo, 131 F.3d 295, 303 (2nd Cir. 1997); In re Baird, 228 B.R. 324, 331 (Bkrtcy. M.D. Fla. 1999); and In re Pennypacker, 115, B.R. 504, 507 (Bkrtcy. E.D. Penn. 1990).

within the meaning of section 109(e).  Both Mr. Candies and the Debtor testified that, at the date the first advance was made, their agreement was that the Debtor would not be liable to pay the debt unless and until sufficient recovery was had from Matsushita. Mr. Candies clearly acknowledged that if the lawsuit against Matsushita was unsuccessful, the Debtor would have no obligation to repay the loans.  This is a classic example of a continent obligation.  The court will therefore not consider the debt owed to Mr. Candies in determining whether the Debtor has exceeded the debt limits of section 109(e).

Regarding the claim of the IRS, that debt is disputed.  The debt appears to arise from the IRS treating the loan proceeds received from Mr. Candies as income.  The Debtor has filed an objection to the claim of the IRS and that issue will be determined at a subsequent date.  At this point in time, however, the debt is disputed and is likewise not considered in the calculation of regarding the Debtor's eligibility under section 109(e).

Taking those two claims from consideration results in the Debtor being within the debt limits of chapter 13.  The Motion is therefore **DENIED.**

**IT IS SO ORDERED.**

###

Page 5

05-51183 - #106  File 06/27/06  Enter 06/27/06 11:00:57  Main Document  Pg 5 of 5